UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,

       Plaintiff,

v.

Case No. 11-14541

Honorable John Corbett O'Meara

27TH JUDICIAL DISTRICT COURT and
NATALIE SHAUL,

       Defendants.
                                             /

## OPINION AND ORDER GRANTING
## DEFENDANTS' JUNE 29, 2012 MOTION FOR SUMMARY JUDGMENT

This matter came before the court on defendants 27th Judicial District Court and Nancy Shaul's June 29, 2012 motion for summary judgment. Plaintiff Jane Doe filed a response July 18, 2012; and Defendants filed a reply brief July 30, 2012. Oral argument was heard September 27, 2012.

## BACKGROUND FACTS

In 2009 plaintiff Jane Doe was convicted of a misdemeanor in Michigan's 27th District Court and sentenced to probation. Plaintiff alleges that Robert Samson, her probation officer, solicited sexual relations from her in exchange for favorable treatment during her probation. It is undisputed that Samson's misconduct was limited to propositioning Plaintiff.

Samson had joined the court's probation department as a volunteer in 1983. The court then hired him to a part-time, paid position in August 1996. Defendant Natalie Shaul began working at the court as the director of the probation department in November 1996, and it was Samson who trained Shaul in the policies and procedures of the probation department.

Plaintiff Jane Doe was placed on probation for possession of narcotic paraphernalia on May 19, 2009; and the court assigned Samson as her probation officer. Plaintiff later claimed that Samson sexually accosted her and solicited her to have sexual relations with him on multiple occasions. Plaintiff reported Samson's conduct to the police; and on September 21, 2009, Samson was arrested and charged with four felony counts of soliciting criminal sexual conduct. After his arraignment, Samson was released on bond. On September 22, he telephoned defendant Shaul and apologized for his misconduct. Shaul told Samson he was fired. In the afternoon of September 24, after Samson failed to go to the probation office to return his keys and badge and to retrieve his belongings, a police officer informed Shaul that Samson had committed suicide.

Nearly a year later, on September 3, 2010, Plaintiff filed a lawsuit in Wayne County Circuit Court against these same defendants, 27th District Court, Natalie Shaul, and Robert Samson's estate. In September 2011, the circuit court dismissed the claims against 27th District Court and in November denied Shaul's dispositive motion based on governmental immunity. Shaul has appealed that ruling, and it is pending in the Michigan Court of Appeals.

Plaintiff then filed this action in this court October 19, 2011, alleging the following causes of action, all under 42 U.S.C. § 1983: Count I, accosting and soliciting against defendant Samson; Count II, deliberate indifference against the defendant court and Shaul; Count III, refusing or neglecting to prevent violation against the defendant court and Shaul; Count IV, unlawful policies and customs against the defendant court and Shaul; Count V, conspiracy against the defendant court and Shaul; and Count VI, which in the complaint is erroneously labeled Count V, vicarious liability against the defendant court and Shaul. Defendants 27th District Court and Shaul have moved for summary judgment.

## LAW AND ANALYSIS

In general, the Eleventh Amendment bars suits for money damages brought in federal court against a state unless the state has waived its sovereign immunity or has consented to be sued. See Kovacevich v. Kent State Univ., 224 F.3d 806, 816 (6th Cir. 2000). The United States Court of Appeals for the Sixth Circuit has held that Michigan's district courts are arms of the state for sovereign immunity purposes. See Pucci v. Nineteenth District Court, 628 F.3d 752, 762 (6th Cir. 2010). Defendant 27th District Court is entitled to such immunity, and all claims against it in this action must be dismissed.

The claims alleged in Count I are against the estate of Samson. It appears as though the estate is not represented by counsel.

Count II alleges deliberate indifference against defendant Shaul. A constitutional violation occurs where the deprivation alleged is sufficiently serious and the officer has acted with deliberate indifference to the plaintiff's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Negligence does not establish deliberate indifference. Pahssen v. Merrill Comm. Sch. Dist., 668 F.3d 356, 365 (6th Cir. 2012). In this case Plaintiff's allegations are insufficient to establish that Shaul knew of and disregarded a substantial risk of serious harm to Plaintiff's health and safety. The court will assume for purposes of this motion that, as alleged by Plaintiff, Shaul had previously received a letter from Amanda Mowery, another person who complained that Samson had sought sexual favors from her during the course of her probation. The court will also assume that Shaul failed to investigate those allegations and in response to the letter told Mowery that Samson was "a good guy."

Those events occurred around 1997, twelve years before the misconduct alleged by Plaintiff in her complaint. There is no evidence that Shaul was put on notice at any other time in the intervening twelve years. Shaul could not plausibly be said to have known of and disregarded a substantial risk of serious harm to female probationers in 2009 based on the Mowery letter she received in 1997. A single incident is insufficient to demonstrate deliberate indifference. Thus, under the facts alleged by Plaintiff, the evidence cannot support a finding that Shaul was deliberately indifferent.

In Count III Plaintiff alleges that Defendants failed to instruct, supervise, control and discipline Samson. Failure to train and/or supervise employees will trigger § 1983 liability "only where the failure to train amounts to deliberate indifference to the rights" of member of the public with whom the employees interact. City of Canton v. Harris, 489 U.S. 378, 388 (1989). However, where the proper course of conduct is obvious to all without training or supervision, the failure to train or supervise generally does not support an inference of deliberate indifference by policy makers to the need to train or supervise. Walker v. City of New York, 974 F.2d 293, 297-98 (2d Cir. 1992). With regard to "misdeeds relate[d] to . . . basic norms of human conduct," a supervisor ordinarily "need not expend precious resources on training or supervision but can instead rely on the common sense of her employees." Id. at 301.

In this case it cannot be found that Samson's misconduct occurred because of Defendants' failure to proper train him. In addition, a supervisor's failure to supervise or control an offending individual is not actionable unless the supervisor either encouraged the specific intent of the misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the supervisor at least implicitly authorized, approved, or knowingly acquiesced in the

4

unconstitutional conduct of the offender. McQueen v. Beecher Comm. Sch., 433 F.3d 460, 470 (6th Cir. 2006). Supervisory liability under § 1983 cannot be based upon a mere failure to act but must be based upon active unconstitutional behavior. Combs v. Wilkinson, 315 F.3d 548, 558 (6th Cir. 2002).

In Count IV, Plaintiff alleges that Defendants' "existing policies and/or customs directly led to the foreseeable sexual abuse Plaintiff experienced at the hands of a probation officer." Compl. at ¶ 102. However, liability for an unconstitutional policy or custom cannot arise from a single act. Rather, a custom can be shown only by evidence of a continuing, widespread, persistent pattern of unconstitutional conduct. Crawford v. Van Buren County, 678 F.3d 666, 669 (8th Cir. 2012). In this case, where Plaintiff's only evidence of a pattern of behavior consists of a letter twelve years earlier that alleged the same type of misconduct, Defendants are entitled to summary judgment on Count IV.

Count V alleges a civil conspiracy under § 1983 among the defendants. To prevail on such a claim, a plaintiff must establish the following elements: 1) a single plan existed, 2) the defendant shared in the general conspiratorial objective to deprive the plaintiff of his constitutional rights, and 3) an over act was committed in furtherance of the conspiracy that caused the injury. See Bazzi v. City of Dearborn, 658 F.3d 598, 602 (6th Cir. 2011). Conspiracy claims must be pleaded with some degree of specificity; vague and conclusory allegations unsupported by material facts are not sufficient to state such a claim under § 1983. Heyne v. Metropolitan Nashville Public Sch., 655 F.3d 556, 563 (6th Cir. 2011). In this case Plaintiff has failed to plead any degree of specificity for her conspiracy claim. Furthermore, to state a cause of action for conspiracy under § 1985, a plaintiff must prove the existence of a conspiracy among two or more persons. However, a governmental

entity, in this case 27th District Court, cannot conspire with its own agents or employees. <u>United Food & Commercial Workers Local 1099 v. City of Sidney</u>, 364 F.3d 738, 753 (6th Cir. 2004).

Finally, § 1983 does not permit a plaintiff to sue a local government entity on the theory of *respondeat superior*. <u>Gregory v. City of Louisville</u>, 444 F.3d 725, 752 (6th Cir. 2006). Moreover, the statute does not impose vicarious liability on a government entity for the constitutional torts of its employees. <u>Stemler v. City of Florence</u>, 126 F.3d 856, 865 (6th Cir. 1997). Therefore, Defendants are entitled to summary judgment on Count VI.

## ORDER

For the reasons set forth above, it is hereby **ORDERED** that defendants 27th District Court and Natalie Shaul's June 29, 2012 motion for summary judgment is **GRANTED.**

                                                                                      s/John Corbett O'Meara
                                                                                       United States District Judge

Date: October 23, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, October 23, 2012, using the ECF system.

                                                                                      s/William Barkholz
                                                                                       Case Manager